# SANDY WHITE

*v.*

# HUETMAN & CRAMER COMPANY.

---

Law, No. 808.

The burden is upon the plaintiff to establish freedom from contributory negligence, in an action by an employee against his employer under the employers' liability act of Porto Rico.

Opinion filed October 14, 1911.

---

*Mr. H. G. Molina* for plaintiff.

*Messrs. E. S. Paine* and *C. E. Treadwell* for defendant.

CHARLTON, Judge, delivered the following opinion:

This is a motion, interposed on behalf of the defendant, for a new trial, for reasons stated in said motion, as follows:

1. A new trial should be granted, or the complaint should be dismissed, because it was neither pleaded nor proved that the plaintiff served a notice in accordance with the terms of the employers' liability act of Porto Rico.

---

Note.—The question of the burden of proof as to contributory negligence under employers' liability acts is treated in a note in 33 L.R.A. (N.S.) 1218.

2. The damages are absolutely limited to $2,000. Any other construction would not only require separate verdicts for each item of damage, by the jury, but would render the limitation provision absolutely meaningless.

3. The burden was upon plaintiff to establish freedom from contributory negligence. This he did not do, and the court erred in refusing to instruct the jury in that regard.

4. The plaintiff assumed the risk of his employment.

5. There was no evidence of negligence on the part of defendant.

6. Only one witness testified as to negligence on the part of defendant, while several other witnesses, whose testimony was not impeached, squarely contradicted the testimony so given, and the court erred in its instruction to the jury as to such evidence.

7. Newly discovered evidence.

8. The court erred in its instructions to the jury.

The court has examined with a careful interest the very able and complete briefs submitted by counsel both for plaintiff and defendant, and after reading them and the authorities there cited, as well as the testimony in the case and the instructions as given, has been forced to conclude that the third point of the motion interposed in behalf of defendant is well taken, and that the court was in error in the instruction given to the jury in regard to contributory negligence. For that reason the motion for a new trial is granted, subject to such conditions as may be imposed by the court as to deposit of security for costs and damages, and the time within which issues must be joined in the case as reformed for a new trial.

This conclusion having been reached, it becomes unnecessary

for the court at this time to further consider the other points of the motion, and particularly the questions (a) whether the employers' liability act enacted by the legislature of Porto Rico is the exclusive remedy of the plaintiff, and (b) whether the maximum amount recoverable at law in an action of this character is limited by law to the sum of $2,000.